SIMON STRAHLHEIM *et al.*, Appellants, *against* ABRAHAM
WALLACH *et al.*, Respondents.

(Decided January 21st, 1884.)

Where goods in the custom house, before entry for importation from a for-
eign country, are stopped *in transitu* by the sellers, the purchasers having
made an assignment for benefit of creditors, an action may be maintained
by the sellers to compel the purchasers and their assignee to indorse or
assign and deliver the bills of lading and invoices to the sellers, to enable
them to enter the goods; and an injunction may be granted, pending the
action, against any sale or transfer by the purchasers or the assignee of
the invoices or bills of lading.

APPEAL from an order of this court denying a motion to
continue a preliminary injunction and appoint a receiver,
and vacating the preliminary injunction.

The action was brought by plaintiffs, copartners under
the firm name of Strahlheim & Hertz, against Abraham
Wallach and Edward Wallach, composing the firm of A. &
E. Wallach, and Frederick Lewis, their assignee for benefit
of creditors, and others, alleging in their complaint that in
July, 1883, at the City of Paris, France, they received from
the said firm of A. & E. Wallach an order for a quantity of
fans to be manufactured and sold and delivered to A. & E.
Wallach at the City of New York, at a certain price, and
upon a credit of four months; that at various times in
August and September, 1883, said fans were shipped to
A. & E. Wallach at the port of New York; that on Sep-
tember 18th, 1883, A. & E. Wallach made an assignment
for the benefit of their creditors to the defendant Frederick
Lewis; that subsequently, within a few days, quantities of
the fans previously shipped were duly stopped *in transitu*,
before they had come into possession of A. & E. Wallach
or of Lewis, their assignee; that at the time they were so
stopped no entry of them had been made in the custom
house, and neither the freight nor the duties had been paid,

and that the defendants Wallachs and Lewis refused to assist the plaintiffs to obtain possession of the goods by passing them through the custom house. Plaintiffs prayed for the appointment of a receiver to take possession of the goods ; that the defendants A. & E. Wallach and Lewis be directed to make the necessary entries in the custom house, and do the acts requisite to pass the goods through the custom house ; that if the defendant Lewis, as assignee of A. & E. Wallach, should refuse to pay the freight and duties on the goods, plaintiffs be authorized to do so ; that the right to the possession of the goods, after payment of the freight and duties, be awarded to plaintiffs ; and that A. & E. Wallach and their assignee be enjoined and restrained from disposing of the bills of lading and invoices of the goods, or from taking possession or encumbering or disposing of any of the goods.

A preliminary injunction, as prayed for in the complaint, was granted, with an order to show cause why it should not be continued, and why a receiver should not be appointed ; upon the return of which the injunction was vacated, and the motion denied ; and from the order entered thereupon, plaintiffs appealed.

*Koones & Goldman*, for appellants.

*Richard S. Newcombe*, for respondent.

J. F. DALY, J.—I see no objection to granting the injunction asked for, and none to the form of action which plaintiffs, as vendors of goods exercising their right of stoppage *in transitu*, have seen fit to bring in order to enforce their lien in equity. The bills of lading and invoices which they sent to defendants Wallach came into possession of Lewis, the assignee under the general assignment from the Wallachs to him, and he refuses to deliver them.

The goods are in the custom house, where they were sent under general orders, and plaintiffs cannot obtain them without due entry, which can only be made by the owner or con-

signee, or his agent, and upon production of the bills of lading and the invoices (U. S. Rev. Stat. § 2785).

It is necessary that the documents should not only be delivered by the assignee Lewis, but be indorsed or assigned over to the plaintiffs to enable them to make entry, and the equitable powers of the court should be exercised for the purpose of compelling such transfer.

An injunction *pendente lite* against any sale or transfer by the assignee or assignors of the invoices or bills of lading seems to be proper. Equitable relief will be granted to the vendor in such a case if it be necessary for the protection of the lien and the goods (*Schotsmans* v. *Lancashire and Yorkshire Railway*, L. R. 2 Ch. Ap. 332–339; see also *Gossler* v. *Schepeler*, 5 Daly 476; *Rosenthal* v. *Dessau*, 11 Hun 49).

The order should be reversed and an order made continuing the preliminary injunction, with $10 costs of motion to plaintiffs, and $10 costs and also disbursements of appeal to appellants.

VAN HOESEN and BEACH, JJ., concurred.

Order accordingly.